UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MICHAEL D. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 14-47-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA BUTLER, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Michael D. Johnson is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without counsel, Johnson has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241. [R. 1.] Johnson has paid the $5.00 filing fee. [R. 3.]

**I**

On October 22, 2003, a criminal complaint was filed in federal court in Cincinnati, Ohio, alleging that in July 2003, Johnson had engaged in various drug trafficking and firearms offenses. On April 7, 2004, a grand jury returned an indictment charging Johnson with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) in Count I, possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) in Count II, and possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) in Count III.

An August 18, 2004, superseding indictment alleged that Johnson had three prior state convictions for Escape, Aggravated Drug Trafficking and Escape, and for Failure to Comply with a Lawful Order. These prior convictions triggered the application of the Armed Career

Criminal Act, 18 U.S.C. § 924(e)(1), which mandates a 15-year minimum sentence for the felon-in-possession charge under § 922(g) if the defendant has three prior convictions for drug trafficking offenses or violent crimes.

Shortly before trial, on March 4, 2005, the government filed an information pursuant to 21 U.S.C. § 851 indicating its intention to seek enhanced penalties against Johnson as a career criminal in light of his October 13, 1994, conviction for Aggravated Drug Trafficking in the Court of Common Pleas for Hamilton County, Ohio, Case Number B-94-02821. Because of this prior conviction, Johnson was independently subject to a 30-year maximum term of incarceration on the drug trafficking charge under § 841(a) pursuant to 21 U.S.C. § 841(b)(1)(C). Following a four-day trial, on March 11, 2005, a jury found Johnson guilty of the felon-in-possession and drug trafficking charges, but acquitted him of the § 924(c) charge.

In its sentencing memorandum, the government contended that Johnson's base offense level was 34 for his felon-in-possession and drug trafficking convictions. Further, in light of his prior convictions Johnson was considered an armed career criminal under U.S.S.G. § 4B1.4 with a criminal history category of IV, resulting in a guidelines range of 262 to 327 months. The government did note that recent cases called into question whether Johnson's prior state conviction for felony Fleeing and Eluding would qualify as one of the three predicate offenses required to apply the armed career criminal enhancement to his § 922(g) felon-in-possession conviction pursuant to 18 U.S.C. § 924(e)(1). However, the government contended that even if this were so, the result would not change. Johnson had at least two other prior state convictions – one for Escape and one for Aggravated Drug Trafficking. The government asserted that the Escape conviction qualified as a violent felony and the Aggravated Drug Trafficking conviction qualified as a felony conviction for a serious drug offense, warranting application of the career offender enhancement found in U.S.S.G. § 4B1.1. When combined with a statutory 30-year

maximum for Johnson's § 841(a) drug trafficking conviction when the 21 U.S.C. § 841(b)(1)(C) enhancement is applied, application of § 4B1.1 again resulted in a guidelines range of 262-327 months. On October 3, 2005, without reaching the government's alternative argument, the trial court applied the § 924(e) enhancement and sentenced Johnson to a 262-month term of imprisonment on the firearms conviction to be served concurrently with a 120-month term of imprisonment on the drug trafficking conviction. *United States v. Johnson*, No. 1:04-CR-53-SSB-1 (S.D. Ohio 2004) (*Johnson I*).

On direct appeal, the Sixth Circuit affirmed Johnson's convictions, but vacated his sentence because the trial court did not state its reasons for imposing its sentence on the record. *United States v. Johnson*, 488 F.3d 690 (6th Cir. 2007). Following a hearing, on October 31, 2007, the trial court re-imposed the same sentence, and the Sixth Circuit affirmed on March 25, 2009.

A year later, on March 26, 2010, Johnson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing without elucidation that, among other things, intervening Supreme Court precedent established that his prior convictions for Escape and Fleeing and Eluding were not "crimes of violence" which would permit enhancement of his sentence as an armed career criminal pursuant to § 924(e). Responding to that particular claim, the government contended that it was procedurally defaulted because Johnson did not assert it on direct appeal and that it was substantively meritless even under *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009).

With respect to Johnson's prior state conviction for escape, the government noted that "the Indictment and Pre-Sentence Report both address incidents involving the defendant breaking [contact] with the police during an arrest. This action is far different from the walk away types of conduct. ... Escape, where there has been an actual break from apprehension, is

3

considered a violent felony. *United States v. Houston*, 187 F.3d 593 (6th Cir. 1999), *cert. denied*, 528 U.S. 1094 (2000)." Similarly, Johnson's conviction under Ohio Revised Code § 2921.331(B) – which criminalizes fleeing from or eluding police in a motor vehicle if the defendant's conduct causes a substantial risk of physical harm to persons or property – fits squarely within § 924(e)(2)(B)(ii)'s residual clause for "conduct that presents a serious potential risk of physical injury to another" under *United States v. Young*, 580 F.3d 373, 376-78 (6th Cir. 2009).

The trial court did not reach the merits of Johnson's *Begay* claim, concluding instead that he procedurally defaulted it because he did not challenge application of the ACCA on direct appeal, and denied his motion under § 2255 on February 11, 2011. [R. 87 therein, pp. 8-13] The Sixth Circuit denied Johnson a certificate of appealability for that very reason on September 26, 2011. *Johnson v. United States*, No. 11-3206 (6th Cir. Sept. 26, 2011) ("Johnson's ACCA argument suffers from a plain procedural bar. As the district court correctly found, Johnson procedurally defaulted the claim by failing to raise that claim during direct appeal.") (*Johnson II*).

Ten months later, on July 31, 2012, the Sixth Circuit decided *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012). In *Jones*, the Sixth Circuit held that the Supreme Court's decision in *Begay* applied retroactively to cases on collateral review, and that Jones's conviction for reckless homicide under Kentucky law was not a "violent felony" under the *Begay* analysis. *Id*. at 624-26.

But to be entitled to substantive relief, the petitioner in *Jones* also had to overcome two threshold procedural hurdles: the untimeliness of his § 2255 motion by three months, and his procedural default of his claim for failure to challenge the enhancement on direct appeal. *Id*. at 624 n.1. As to the former, the Sixth Circuit held that Jones was entitled to equitable tolling of

4

the running of the limitations period found in 28 U.S.C. § 2255(f) in light of his medical conditions and numerous prison transfers after *Begay* was decided. *Id*. at 627.

As to the latter, Jones's clear procedural default of the claim was excused solely because the government had expressly waived his default as an affirmative defense. *Id*. at 624 n.1. Absent that waiver, universally-accepted precedent required denial of the claim as procedurally defaulted because a failure to challenge ACCA predicates on direct appeal based upon their allegedly nonviolent nature was not excusable as either novel or futile prior to *Begay* under the standard set forth in *Bousley v. United States*, 523 U.S. 614, 622-23 (1998) ("futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time") (internal quotations and citation omitted). *See Damon v. United States*, 732 F. 3d 1, 3 (1st Cir. 2013) ("Damon's acknowledged failure to object to the crime-of-violence determination either at sentencing or on direct appeal dooms his petition."); *Gibbs v. United States*, 655 F. 3d 473, 475-76 (6th Cir. 2011); *Geter v. United States*, 534 F. App'x 831 (11th Cir. 2013); *United States v. Miller*, 539 F. App'x 874, 876 n.5 (10th Cir. 2013); *United States v. Pettiford*, 612 F. 3d 270, 280-81 (4th Cir. 2010); *Grooms v. United States*, 2014 WL 657956, at *2-3 (8th Cir. Feb. 21, 2014); *see also Orso v. United States*, 452 F. App'x 912, 913 n.4 (11th Cir. 2012). In addition, the "actual innocence" exception to the procedural default rule does not apply to a guidelines sentencing calculation. *But cf. Gibbs*, 655 F. 3d at 477-78.

Following the Sixth Circuit's decision in *Jones*, on June 3, 2013, Johnson requested permission from the Sixth Circuit to file a second or successive motion for relief pursuant to § 2255, again arguing that his conviction for escape did not qualify as a violent felony for purposes of the ACCA. On February 14, 2014, the Sixth Circuit entered an order denying his motion, noting that Johnson made no claim of actual innocence, and that because the characterization of convictions as valid predicates under the ACCA at issue in *Begay* and *Jones*

presented questions of statutory interpretation, not constitutional rights, his motion presented no ground for relief falling within the narrow confines permitted by 28 U.S.C. § 2255(h). Concerned with this outcome, the panel indicated its belief that procedurally, a petition filed under § 2241 was a proper vehicle for his *Begay* claim; that if filed, it would warrant substantive relief; and therefore stated that "we recommend that Johnson file a § 2241 petition in Kentucky where he is incarcerated." Judge Suhrheinrich concurred only in the result, expressing his belief that the panel's recommendation that Johnson seek relief under § 2241 constituted *dicta*. *In re: Michael D. Johnson*, No. 13-3668 (6th Cir. Feb. 14, 2014) (*Johnson III*). Two weeks later, Johnson filed his § 2241 petition in this matter, derived in substantial part from the Sixth Circuit's order in *Johnson III*. [R. 1]

## II

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Johnson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his petition, Johnson again argues that his prior conviction for escape did not constitute a valid predicate "crime of violence" under § 924(e) pursuant to the Supreme Court's decision in *Begay v. United States*, 533 U.S. 138 (2008). [R. 1] However, Section 2241 is ordinarily limited

6

to challenges to decisions by prison officials which affect the manner in which a prisoner's sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). If a federal prisoner wishes to challenge the legality of his conviction or sentence he must file a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, but only where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The Sixth Circuit permits a prisoner to take advantage of this provision only where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Johnson's challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause. *United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences."); *United States v. Poole*, 531 F .3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only

7

their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009). This Court has applied this rule to challenges to sentencing enhancements, an approach approved by the Sixth Circuit. *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony" under *Begay* because "it is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim."); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (claim that sentencing court improperly enhanced conviction based upon prior state conviction is not cognizable under Section 2241). Accordingly, Johnson's claims may not be pursued in this habeas proceeding pursuant to 28 U.S.C. § 2241.

Ordinarily, this would dispose of the matter. The Court, however, must determine what effect to give to the Sixth Circuit's statements in *Johnson III* regarding the availability of § 2241 as a mechanism for Johnson to assert his *Begay* claims.

First, it is clear that the determinations made by the Sixth Circuit in *Johnson III* are not strictly binding upon this Court. The only question before that panel was whether § 2255(h) permitted Johnson to assert his *Begay* claim in a second or successive motion under § 2255; the question whether § 2241 provided a viable means was not before the panel. Because Johnson had yet to file his § 2241 petition asserting his *Begay* claims before this Court, the panel's statements regarding such a potential future claim constituted an advisory opinion. Article III limits the jurisdiction of federal courts to decide actual cases or controversies; where none exists, a federal court's pronouncement upon the possible future controversy is an advisory opinion. *Cf. Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 99-101 (1998) ("For a court to pronounce upon the meaning . . . of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act *ultra vires*."); *see also Fialka-Feldman v. Oakland*

*University Bd. of Trustees*, 639 F.3d 711, 715 (6th Cir. 2011) ("Matters of great public interest are precisely the kinds of issues that demand the federal courts to be most vigilant in this area – vigilant that the powers they exercise are powers the Constitution gives them and vigilant that they exercise those powers in disputes with the 'clear concreteness provided when a question emerges precisely framed and necessary for decision from a clash of adversary argument.'") (*quoting United States v. Fruehauf*, 365 U.S. 146, 157 (1961)).

The Court also concludes, as did Judge Suhrheinrich, that the panel's statements regarding § 2241 constituted *obiter dicta* because they were unnecessary to its determination whether Johnson's claims could proceed pursuant to § 2255(h). *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 67 (1996) ("When an opinion issues for the Court, it is not only the result but also those portions of the opinion *necessary to that result* by which we are bound.") (emphasis added); *Tyler v. Cain*, 533 U.S. 656, 675 (2001) (Kennedy, J., dissenting) (characterizing the precedential value of a decision as limited by "the reasoning that was necessary to our holding").

Of course *dicta*, though not binding, "may be followed if sufficiently persuasive . . . ." *Humphrey's Executor v. United States*, 295 U.S. 602, 627-28 (1935). In this case, however, there are sound reasons not to accept the Sixth Circuit's reasoning in *Johnson III* as it appears to have been predicated upon several misconceptions regarding both the facts of Johnson's case and the state of the law under § 2255(e).

For instance, the Sixth Circuit noted that Johnson faced a guidelines range of 120-150 months imprisonment without the § 924(e) enhancement, *Johnson III*, p. 1, a fact which appeared to fuel its concern that he faced an inappropriately long sentence. *Id.* at 3-4. The panel's statement regarding the effect of the ACCA upon Johnson's sentence was correct in isolation, but failed to appreciate the fact that Johnson still faced a 262-327 month sentence even without

9

the § 924(e) enhancement because he remained subject to the career offender enhancement found in U.S.S.G. § 4B1.1. *Johnson I* [R. 50], pp. 2-3.[1]

Second, the panel stated – twice – that Johnson's initial § 2255 motion had been denied by the trial court because at the time it was filed "this Court had yet to determine that *Begay*'s new rules have retroactive effect." *Johnson III*, p. 2. This assertion is flatly refuted by the record. Both the district court and the Sixth Circuit made no determination whatsoever regarding *Begay*'s retroactivity, instead denying Johnson's ACCA claim in his § 2255 motion on a single ground – that it was procedurally defaulted. [R. 87 (*Johnson I)* at 9-13; R. 92 at 2-3.] Therefore, the panel's statement that "Johnson's first petition was dismissed based on reasoning that is no longer good law" is plainly incorrect.

Third, the panel's corresponding legal conclusion that Johnson would have been entitled to relief under § 2255 if he had had the benefit of *Jones* was also incorrect. In this very context, the Sixth Circuit had already held that procedural default constitutes an independent bar to relief even where the Sixth Circuit ultimately held *Chambers* to be retroactively applicable to cases on collateral review. *United States v. Gibson*, 424 F. App'x 461, 465 (6th Cir. 2011) ("However, we do not reach the issue of *Chambers*' retroactive effect because Defendant faces an additional impediment to obtaining habeas relief – procedural default. Defendant challenges his designation as a career criminal for the first time in this proceeding, after failing to bring a direct appeal of his sentence. 'Failure to file a direct appeal raising the career offender issue results in a procedural default.'") (internal citations omitted). The Sixth Circuit had already determined in

---

[1] The panel was also concerned that Johnson had "just missed" a chance to rely upon *Jones* for relief, but this too was predicated upon a miscalculation. The decision states that "[t]his outcome seems particularly unfair because Johnson's first § 2255 motion may have been successful if it had been filed just ten months later, after this Court's holding in *Jones*." But Johnson filed his § 2255 motion on March 26, 2010, (very shortly before the expiration of the one-year limitations period), a full 28 months before *Jones* was decided on July 31, 2012.

*Johnson II* that his ACCA claim was procedurally defaulted, a determination binding upon the panel in *Johnson III* and upon this Court.

But most fundamentally, the panel appeared unaware of a substantial body of pre- and post- *Begay* law within the Sixth Circuit which addresses the availability of relief under § 2241 for claims of sentencing error. *Johnson III*, pp. 4-5. Since 2001, the Sixth Circuit has indicated that § 2241 is not a proper means to challenge a sentence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Woods v. Coakley*, No. 4:13CV1388, 2013 WL 3818163, at *4-5 (N.D. Ohio July 22, 2013) ("Indeed, the Sixth Circuit has never extended the savings clause to § 2241 petitioners, like Woods, who raise challenges to sentencing enhancements.") (collecting cases). After *Begay*, the Sixth Circuit has adhered to the view that sentencing claims fall outside the scope of § 2241. *Cf. Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("... reliance on *Begay* is misplaced, because it is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim" under § 2241); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) ("The duration of Contreras's sentence is not the proper subject of a petition for habeas corpus relief under section 2241.") (*citing Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241.") (*citing Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003)); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (claim that sentencing court improperly enhanced conviction based upon prior state conviction is not cognizable under Section 2241). In light of the foregoing, the Court must adhere to established Sixth Circuit

precedent which indicates that Johnson's claim under *Begay* falls outside the scope of claims which may be pursued under § 2241.

Indeed, the panel in *Johnson III* had to reach outside of Sixth Circuit precedent to find any support for its conclusion. But it is highly questionable whether, were the question before it, the Sixth Circuit would reach the same conclusion as the panel in Johnson *III* in light of the authority cited favorably by the Sixth Circuit panel. For instance, in *Brown v. Cardaway*, 719 F. 3d 583, 596 (7th Cir. 2013), Chief Judge Easterbrook issued a statement regarding rehearing the case *en banc* in which he disagreed with the panel decision and noted that "[n]o other circuit follows either *Davenport* or *Narvaez*. . . . The former is incompatible with the law of many [circuits].") (citing, *inter alia*, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012)). Likewise, *United States v. Wyatt*, 672 F. 3d 519 (7th Cir. 2012), with Judge Easterbrook sitting on the panel, does not support the proposition for which the Sixth Circuit cited it, particularly in light of his comments in *Brown*; rather, it indicates the opposite. *Id*. at 524 (" ... But this is not a statutory case or an ACCA case; it is a sentencing guidelines case, and it does not appear that, at this stage, Wyatt is entitled to any relief on collateral review in these circumstances. . . . *See also Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (*en banc*) ("[T]he savings clause [of § 2255(e)] does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."). Finally, in *Chaplin v. Hickey*, 458 F. App'x 827 (11th Cir. 2012), the Eleventh Circuit issued a one-paragraph *per curium* order directing remand to permit the petitioner to assert his *Begay* claim in a § 2241 petition. However, the operative language in that opinion consists of a single sentence which makes clear that its decision to do so was predicated solely upon its willingness to "exercise our discretion to accept in this case the Government's **concession** that Chaplin may present his claim

in a § 2241 petition . . ." *Id.* (emphasis added). It is difficult, if not impossible, to square the Sixth Circuit's characterization of the Eleventh Circuit's decision in *Chaplin* as "granting relief to [a] prisoner who was sentenced in excess of [the] statutory maximum," *Johnson III*, p. 5, with the actual outcome in that case.[2]

It is true, as the Sixth Circuit indicated, that other circuits have adopted divergent approaches to sentencing claims asserted under § 2241, some drawing distinctions between sentences dictated by statute and those governed by the sentencing guidelines, or hinging upon whether the claim was foreclosed by circuit precedent. *See Bryant v. Warden*, 738 F. 3d 1253, 1264-68 (11th Cir. 2013). But nothing in the precedent of the Sixth Circuit suggests any affinity for, let alone clear adoption of, such distinctions. The cases cited above indicate plainly enough that the Sixth Circuit permits a § 2241 petitioner to assert a claim that he is "actually innocent" of a criminal offense, not a sentence imposed as a result of a conviction for that offense, under the savings clause. While the Sixth Circuit may revisit those holdings when sitting *en banc*, it is the obligation of this Court to apply the law as it presently exists under settled precedent.

Finally, the Court notes that even if § 2241 were otherwise an available vehicle for Johnson to pursue his *Begay* claims, he remains subject to the Sixth Circuit's prior determination in *Johnson II* that he procedurally defaulted them, which would act as an independent bar to his continued attempts to collaterally attack his ACCA enhancements through § 2241. Unlike the § 2255 movant in *Jones* or the § 2241 petitioner in *Bryant* – where the government had unequivocally waived procedural default as a defense – the government in Johnson's case has repeatedly and steadfastly asserted that his *Begay* and *Chambers* claims are procedurally

---

[2] Indeed, on a second appeal, the Eleventh Circuit held that Chaplin's petition had to be dismissed under its precedent because the applicability of the savings clause was a nonwaivable jurisdictional matter and because § 2241 is not a means to pursue an ACCA claim unless it was squarely foreclosed by binding circuit precedent at the time of sentencing, direct appeal, and a first § 2255 motion. *Chaplin v. Warden, U.S. Atty. Gen.*, 2014 WL 1643947, at *1-2 (11th Cir. April 25, 2014) (*citing Mackey v. Warden*, 739 F.3d 657, 661 (11th Cir. 2014)).

defaulted because he did not challenge the ACCA enhancement of his sentence on direct appeal. *Johnson I* [R. 85], pp. 3-4. In light of the Sixth Circuit's prior determination in *Johnson II* that he cannot show cause or prejudice to excuse his procedural default, his ACCA claims would be barred even if he could cross the threshold of § 2255(e)'s gateway to proceed under § 2241. *Cf. Sawyer v. Holder*, 326 F.3d 1366-67 (11th Cir. 2003) (procedural default bars § 2241 claim that could have been brought on direct appeal absent a demonstration of cause and prejudice).

Accordingly, **IT IS ORDERED** that:

1. Johnson's petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter a judgment contemporaneously with this order; and

3. This matter is **STRICKEN** from the Court's active docket.

This the 12th day of August, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge